IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOLLIE BELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3188 |
| | § | |
| AMERICAN RED CROSS OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Dollie Bell brings this action against the American Red Cross of America, whose actual name is the American National Red Cross ("Red Cross"), alleging that Red Cross's negligence caused Bell to sustain injuries in a traffic accident. Pending before the court is Defendant's Motion for Summary Judgment (Docket Entry No. 11). For the reasons explained below, the court will grant Red Cross's motion for summary judgment.

**I. Factual and Procedural Background**

This action concerns an accident in which Bell alleges that she was harmed by the negligence of the driver of a Red Cross vehicle in which she was being transported. Bell is an individual residing in Houston, Texas.[1] Red Cross is a corporation organized by act of Congress, with its principal place of business in the

---

[1]Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1, ¶ 2.

District of Columbia.² The court has original federal jurisdiction over this action pursuant to 36 U.S.C. § 300105(a)(5).  See American National Red Cross v. S.G., 112 S.Ct. 2465, 2467 (holding that the "sue and be sued" provision of 36 U.S.C. § 300105(a)(5) confers original jurisdiction on federal courts over all cases to which the Red Cross is a party, with the consequence that the organization is thereby authorized to remove from state to federal court any state-law action it is defending).

**A.  Factual History**

    Bell alleges the following facts regarding the accident:

>On August 7, 2007, Plaintiff was being transported for Dialysis treatment by Defendant.  Prior to this date, Plaintiff had surgery to have a Fistula placed in her arm to properly receive her dialysis treatment.  During transport, the driver of the transport vehicle had an accident causing Plaintiff's body to be thrown about the vehicle.  The impact of the accident caused the Fistula to break inside Ms. Bells arm.  Subsequently, there were several surgeries to try and replace the fistula or otherwise find a site to receive dialysis treatment.³

Bell seeks compensation for pain and suffering and for the medical expenses she has sustained as a result of the surgeries and medical complications she alleges resulted from the accident.  The allegedly negligent acts that Bell attributes to Red Cross are:

---

²Notice of Removal, Docket Entry No. 1, ¶ 8.

³Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1, ¶ 8.

> A. In that AMERICAN RED CROSS OF AMERICA failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
>
> B. In that AMERICAN RED CROSS OF AMERICA failed to yield as a person of prudent care would have done;
>
> C. In that AMERICAN RED CROSS OF AMERICA failed to turn the motor vehicle in an effort to avoid the collision complained of;
>
> D. In that AMERICAN RED CROSS OF AMERICA was operating the motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances.[4]

All of the allegedly negligent acts that Bell attributes to Red Cross relate to the operation of the vehicle in which Bell was being transported. In other words, all of the acts and omissions upon which Bell bases her claims were acts and omissions of the vehicle's driver.

Red Cross asserts that the driver of the vehicle, Ellen Stager, was not an employee of Red Cross but was instead employed by a contractor, ParkWest Staffing.[5] Red Cross states that it has produced documents to Bell establishing this fact, although it has presented no such documents to the court. Bell does not dispute Red Cross's assertion that Stager was employed by ParkWest

---

[4] Id. ¶ 11.

[5] Defendant's Motion for Summary Judgment, Docket Entry No. 11, p. 5-6.

Staffing, but argues that Red Cross exercised control over Stager in the performance of her duties.[6]

## B. Procedural History

Bell brought this action in the 164th Judicial District Court of Harris County on August 3, 2009.[7] Red Cross removed on October 1, 2009, (Docket Entry No. 1). On May 27, 2010, one day before the deadline for filing dispositive motions, Red Cross filed a Motion for Summary Judgment (Docket Entry No. 11). Red Cross argues that it is entitled to summary judgment because:

> 1. After an adequate time for discovery, Plaintiff has produced no evidence that Red Cross had any direct relationship, be it employment or otherwise, with the driver of the van at the time of the incident (Ellen Stager) such that it could be vicariously liable for her negligent acts;
>
> 2. After an adequate time for discovery, Plaintiff has produced no evidence that either the Red Cross or the driver of the van at the time of the incident (Ellen Stager) were negligent and/or proximately caused Plaintiff's alleged injuries/damages.[8]

Bell responded on June 17, 2010, (Docket Entry No. 12), arguing that Red Cross's motion is premature because Bell has discovery responses due that will provide relevant evidence for summary

---

[6] Plaintiffs' Response to Defendants' Motion for Summary Judgment, Docket Entry No. 12, pp. 3-4.

[7] Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1.

[8] Defendant's Motion for Summary Judgment, Docket Entry No. 11, p. 4.

judgment purposes. Bell also argues that the motion should be denied because there is evidence of vicarious liability and negligence that raise questions of material fact. Red Cross replied on June 30, 2010, (Docket Entry No. 13).

## II. Standard of Review

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. FED. R. CIV. P. 56(c). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 106 S. Ct. at 2553-2554).

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits,

-5-

depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-2554). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

### III. Red Cross's Summary Judgment Motion

Red Cross argues that it is entitled to summary judgment because Bell has provided no evidence that Red Cross had any direct relationship with Stager such that it could be vicariously liable for her negligent acts, and because Bell has produced no evidence that either Red Cross or Stager were negligent or were the proximate cause of Bell's injuries.

Bell argues that Red Cross's motion should be denied because it is premature, in that Bell has discovery responses due that will provide relevant evidence, and because there is sufficient evidence in the record to raise material questions of fact concerning vicarious liability and negligence.

## A. Was Red Cross's Motion Premature?

Bell argues in her Response that Red Cross's "motion is premature because Plaintiff has discovery responses due that will provide relevant evidence for summary judgment purposes."[9] The court concludes that the motion is not premature. The Docket Control Order (Docket Entry No. 9), which the court entered on December 18, 2009, set the deadline for dispositive motions on May 28, 2010. Red Cross filed its Motion for Summary Judgment on May 27, 2010, one day before the dispositive motion deadline. Bell provides no argument for why a motion for summary judgment filed one day before the deadline for dispositive motions is "premature." The deadline occurred more than five months after the court entered the Docket Control Order, and nearly ten months after Bell filed this action. Bell therefore had both notice that information pertinent to a summary judgment motion could be required by late May, and ample time in which to seek that information through discovery. The fact that the discovery cut-off is scheduled for August 27, 2010, does not make a summary judgment motion filed before that date "premature." The summary judgment standard requires only that an "adequate time for discovery" has passed before a court rules on a summary judgment motion, not that all of the time allotted for discovery has passed. See Celotex, 106 S. Ct. at 2552. The court concludes that a sufficient amount

---

[9]Plaintiffs' Response to Defendants' Motion for Summary Judgment, Docket Entry No. 12, pp. 2-3.

of time for discovery has passed and that it is now proper to rule on Red Cross's motion for summary judgment.

## B. Vicarious Liability

All of the allegedly negligent acts upon which Bell bases her claims -- failing to keep a proper lookout, failing to yield, failing to turn, and driving at excessive speeds -- involve the operation of the vehicle.[10] Because all of these acts were acts or omissions of the driver and not of Red Cross directly, Red Cross can only be liable for them if Red Cross is vicariously liable for the acts and omissions of the driver. Red Cross argues that Bell has provided no evidence that Red Cross had any direct relationship with Stager such that it could be vicariously liable for her negligent acts.

### 1. Applicable Law

Bell does not clearly state a theory under which it argues Red Cross is vicariously liable for Stager's negligent acts. Texas law supports the vicarious liability of an employer under certain circumstances. Texas law has adopted the doctrine of respondeat superior, under which an employer is vicariously liable for the negligence of an employee acting within the scope of his or her employment. 20801, Inc. v. Parker, 249 S.W.3d 392, 397 n.6 (Tex.

---

[10] Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1, ¶ 11.

2008) (citing Baptist Mem. Hosp. Sys. v. Sampson, 969 S.W.2d 945, 947 (Tex. 1998)). Plaintiffs who rely on a theory of respondeat superior bear the burden of establishing that an employee acted within the course and scope of his or her employment. Id.

Red Cross asserts that Stager was not employed by Red Cross, but rather was employed by ParkWest Staffing, a company Red Cross contracted with to provide drivers for its vehicles. Bell has not disputed these assertions. Under Texas law an employer is generally not liable for the acts of an independent contractor unless the employer exercises sufficient control over the details of the independent contractor's work. Fifth Club, Inc. v. Ramirez, 196 S.W.3d 788, 791 (Tex. 2006)(citing Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 783 (Tex.2001)). "The supervisory control must relate to the activity that actually caused the injury, and grant the owner at least the power to direct the order in which work is to be done or the power to forbid it being done in an unsafe manner." Coastal Marine Serv. of Tex., Inc. v. Lawrence, 988 S.W.2d 223, 226 (Tex. 1999). See also Indian Harbor Ins. Co. v. Valley Forge Ins. Group, 535 F.3d 359, 364-65 (5th Cir.2008) ("Under Texas Law, an owner or general contractor can be held vicariously liable for physical harm caused by an independent contractor 'if the employer controls the details or methods of the independent contractor's work to such an extent that the contractor cannot perform the work as it chooses.'" (quoting Fifth Club, 196 S.W.3d at 791)). The burden is on the plaintiff to show an

-9-

exception to the general rule exempting the employer from liability. <u>Foust v. Estate of Walters ex rel. Walters</u>, 21 S.W.3d 495, 507 (Tex. App. -- San Antonio, 2000).

### 2. <u>Analysis</u>

Bell has provided no evidence regarding the relationship between Red Cross and Stager. Bell has not provided any evidence showing that Stager was an employee of Red Cross, and it has not disputed Red Cross's assertion that Stager was an independent contractor employed by ParkWest Staffing. Bell argues in its Response that "Plaintiff's attached affidavit raises an issue of material fact as to whether American Red Cross exercised sufficient control over their hired drivers performance of their duties,"[11] but the affidavit in question does not address the level of control that Red Cross exercised over Stager. The affidavit, which contains Bell's description of the accident, contains the statement, "When I needed transportation to my Dialysis treatment I would call the Red Cross dispatch number. I never dealt with a company named Parkwest. I did not even know another company was involved."[12] While this statement is perhaps relevant to Bell's perception of the relationship between Red Cross and Stager, Bell's

---

[11] Plaintiffs' Response to Defendants' Motion for Summary Judgment, Docket Entry No. 12, p. 3.

[12] Affidavit, Exhibit B to Plaintiffs' Response to Defendants' Motion for Summary Judgment, Docket Entry No. 12, p. 2.

perception is not evidence of the level of control Red Cross exerted over Stager's performance of her duties.

Bell has not provided any document showing the terms of Stager's employment with either Red Cross or Parkwest. Bell has not provided any statement from a deposition or interrogatory showing the nature of the relationship between Stager and Red Cross or the level of control Red Cross exerted over Stager in performing her duties. In short, Bell has provided no evidence from which a jury could find that Stager committed the allegedly negligent acts while in the course of employment for Red Cross or while acting as an independent contractor under the substantial control of Red Cross. Without such evidence, a jury could not find that Red Cross was vicariously liable for Stager's negligent acts. The court concludes that there is no material fact in issue on the question of vicarious liability. Because Bell has failed to support an essential element of her claims against Red Cross, the court concludes that Red Cross is entitled to summary judgment on Bell's claims.

Because the issue of vicarious liability is dispositive of all of Bell's claims, the court will not consider Red Cross's argument that it is also entitled to summary judgment on the grounds that Bell has not provided any evidence showing that either Red Cross or Stager were negligent or were the proximate cause of Bell's injuries.

## IV. Conclusion and Order

For the reasons explained above, the court concludes that Bell has failed to show that Red Cross can be held vicariously liable for Stager's negligent acts. Because all of Bell's claims against Red Cross are based on Stager's allegedly negligent acts and omissions, Bell's claims against Red Cross fail as a matter of law. Accordingly, Defendant's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 5th day of August, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE